UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRY GLASS ALLEN | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WAL-MART STORES, INC., D/B/A | § | |
| WALMART STORE #437, WAL-MART | § | |
| STORES TEXAS, LLC, AND MRS. | § | |
| JEAN DOE | § | DEFENDANT DEMANDS A JURY |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC (also incorrectly named by Plaintiff in the case style as "WAL-MART STORES, INC. D/B/A WALMART STORE #437") ("Walmart") and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the 155th Judicial District Court, Austin County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

**I.
RELEVANT FACTS**

1.     Plaintiff Sherry Allen Glass claims that on January 3, 2019, she was struck by a ladder that fell after an unknown female Walmart employee (identified in Plaintiff's lawsuit as Jean Doe) allegedly dropped the ladder as it was being moved. *See* Pl.'s Orig. Pet. [Ex. A] at ¶ 14. Plaintiff contends that the ladder struck her knee, causing her to fall. *See id.* According to Plaintiff, the incident alleged caused her to sustain several herniated discs, a left medial meniscus tear, a lateral meniscus tear, and a lateral tibial plateau nondisplaced fracture, among other injuries. *See id.* at ¶ 15. Plaintiff contends she has received multiple epidural steroid injections, and has received a surgical recommendation for a left knee arthroscopy and medial meniscectomy. *See id.*

According to Plaintiff, the estimated cost of the medical treatment she has currently incurred is already in excess of $60,000.00. *See id.* at ¶ 16.

2.    Plaintiff's lawsuit expressly pleaded for damages more than $100,000.00. *See* Ex. A at ¶ 1.

3.    Plaintiff asserts a cause of action for negligence in this case. *See id.* at 6–7, § VI.

4.    Plaintiff filed her lawsuit on January 4, 2021. *See id.* at 1. Plaintiff served Walmart on March 23, 2021. Plaintiff has never identified or served Jean Doe in this case. *See generally* Ex A; *see also, id.* at ¶ 5.

## II.
## THE PARTIES

5.    Plaintiff Sherry Glass Allen pleaded that is a resident of Harris County, Texas. *See* Ex. A at ¶ 2. Walmart's understanding is that Plaintiff is still a resident of Texas. As such, Plaintiff is a citizen of the State of Texas.

6.    Defendant Wal-Mart Stores Texas, LLC is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Walmart Inc. The sole member of Wal-Mart Stores Texas, L.L.C. is Wal-Mart Real Estate Business Trust. The sole unit holder (i.e., member) of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co. (a Delaware corporation with its principal place of business in Arkansas), which is a wholly owned subsidiary of Wal-Mart Stores East, L.P. Wal-Mart Stores East, L.P. is a Delaware limited partnership, of which WSE Management, L.L.C. is the general partner and WSE Investment, L.L.C. is the limited partner. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, L.L.C. (f/k/a Wal-Mart Stores East, Inc.), whose parent company is Walmart Inc. The principal place of business of Wal-Mart Stores Texas, L.L.C. is Bentonville, Arkansas. Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas. None of the members of

any of the above entities, where applicable, are citizens of the State of Texas; instead, they are citizens of Delaware, Arkansas, or both. Consequently, Defendant is a citizen of the States of Arkansas and Delaware.

7.     Plaintiff alleges that "Jean Doe" is a citizen of Texas. However, any alleged citizenship as to this fictitious placeholder is disregarded and is irrelevant to removal.

## III.
## BASIS FOR REMOVAL

8.     Walmart removes this case to federal court because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Additionally, the inclusion of a fictitious defendant "Jean Doe" does not defeat diversity. That individual has neither been named by Plaintiff nor served in connection with this lawsuit. The statute of limitations has also expired in connection with this alleged incident. Texas law does not permit naming a defendant through John Doe, Jane Doe, Jean Doe, or any other variation in the context of this type of incident, and the statute of limitations does not stop running for that unknown individual simply because a fictitious "Jean Doe" is named in a lawsuit.

**A.     There is complete diversity of citizenship between Plaintiff and Walmart.**

9.     There is complete diversity of citizenship, *see* 28 U.S.C. §§ 1332, 1441, between the Texas Plaintiff and the out-of-state Defendant, Wal-Mart Stores Texas, LLC, which is a citizen of Delaware and Arkansas.

**B.  The alleged citizenship of Jean Doe does not defeat diversity, because she has not been named or served; limitations has expired as to her.**

10.     Plaintiff's lawsuit alleges that Jean Doe caused the alleged incident by dropping a ladder, which struck Plaintiff. However, Plaintiff's act of including a "Doe

defendant in the styling and description of this case does not defeat diversity. Jean Doe has not been actually named or served in this case; the "Doe" designation (i.e., John Doe, Jane Doe, Jean Doe) is being used as a placeholder for the unknown individual. Jean Does, Jane Does, John Does, etc. are fictitious defendants, and they are not considered by the Court as part of the removal analysis. *See* 28 U.S.C. § 1441(b)(1).[1]

11.     Additionally, the two-year Texas statute of limitations – applicable to this case and Plaintiff's claims – contains only three express carve-outs to the limitation periods. *See* Tex. Civ. Prac. & Rem. Code § 16.003 (identifying Sections 16.0031, 16.0045, and Section 16.010 of that Code as the only defined limitations). And the only section even discussing the naming of a "Doe" defendant is Section 16.0045, which clearly does not apply to this case. *See* Tex. Civ. Prac. & Rem. Code § 16.0045(d) (only permitting a Doe defendant naming in the context of the claims listed under Section 16.0045). Neither the limitations statute nor Texas law permit Plaintiff to name a Doe defendant in a standard personal injury case in order to avoid the tolling of limitations, which have now run in this case. *See* Ex. A at ¶ 14 (alleging the incident occurred on January 3, 2019), *and* Tex. Civ. Prac. & Rem. Code § 16.003(a).

12.     In short, the naming of a Doe defendant by Plaintiff does not deprive the Court of jurisdiction, and any claims against that person are time barred.

**C. The amount in controversy requirement is met.**

13.     A removing party may establish that the amount in controversy exceeds $75,000 by: (1) showing the non-removing party explicitly sought damages over $75,000; (2) showing it is

---

[1] This is also entirely consistent with Texas law on naming a "Doe" defendant. *See, e.g., Riston v. Doe*, 161 S.W.3d 525, 526–30 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding that John Doe is a fictitious name and not a misnomer for anyone or anything, and rejecting various other grounds asserted for why including "John Doe" in a petition should toll limitations).

facially apparent, by a preponderance of the evidence, that the non-removing party's claims are likely to exceed $75,000; or (3) presenting summary judgment-type evidence showing, by a preponderance of the evidence, that the amount in controversy is likely to exceed the jurisdictional minimum. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). These tests are applied in order; only if the removing party cannot satisfy the "facially apparent" test does the court require summary judgment-type evidence. *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, at *2-3 (5th Cir. 2002). For purposes of a removal, a defendant's notice of removal only needs to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014). Here, the amount in controversy requirement is satisfied on multiple grounds.

14.     First, Plaintiff expressly pleaded that her lawsuit seeks damages over $75,000.00, by expressly pleading that the amount in controversy exceeded $100,000.00. *See* Ex. A at ¶ 1.

15.     Furthermore, Plaintiff's lawsuit expressly discusses the alleged injuries and damages in this case. Plaintiff's alleged injuries include several herniated discs, a left medial meniscus tear, a lateral meniscus tear, and a lateral tibial plateau nondisplaced fracture, among other injuries. *See id.* at ¶ 15. Plaintiff contends that she has already received medical treatment in connection with these injuries, including physical therapy, MRIs, and several epidural steroid injections. *See id.* According to Plaintiff, her past medical expenses alone already exceed $60,000.00. *See id.* at ¶ 16. Additionally, Plaintiff has alleged received a recommendation of future treatment, specifically including a surgical recommendation for a left knee arthroscopy and medial meniscectomy. *See id.* Plaintiff seeks to recover all these damages, along with corresponding alleged non-economic damages from the past and future. *See id.* at 7–9, § VII. These allegations

make it facially apparent the amount in controversy in this case exceeds $75,000.00. *See, e.g.,*

*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d at 881, 883.

16.     For all these reasons, the amount-in-controversy requirement has been satisfied.

**D.  This removal is timely and venue is proper.**

17.     This Notice of Removal is being filed within 30 days of service of Plaintiff's

lawsuit on Walmart, and within one year of the commencement of this action. It is therefore timely.

Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action

is pending is in this District.

**E.  Procedural requirements for removal are satisfied.**

18.     Upon filing of this Notice of Removal of the cause, Walmart gave written notice of

the filing to Plaintiff and her counsel as required by law.  A copy of this Notice is also being filed

with the Clerk of the Court of the 155th Judicial District Court, Austin County, Texas, where this

cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately

with this Court pursuant to 28 U.S.C. § 1446(a).[2]

### IV.
### CONCLUSION AND PRAYER

25.     Based on the foregoing, Walmart has established that the amount in controversy

exceeds $75,000.00 or is likely to exceed $75,000.00 and that diversity of citizenship exists

between the parties in this case.  Therefore, removal is proper.

---

[2] Additionally, as noted at the outset, Walmart was also incorrectly named as Wal-Mart Stores, Inc. d/b/a Walmart Store #437. Plaintiff expressed a desire to ensure that the proper Walmart entity was named for purposes of this case, *see* Ex. A at ¶ 6, and her allegations against Walmart are based on it being the alleged owner/operator/maintainer of the premises. *See id.* at ¶ 14. The proper Walmart entity for purposes of litigating Plaintiff's allegations regarding Plaintiff's alleged incident at Walmart Store No. 437 is Wal-Mart Stores Texas, LLC, who has appeared and whom is filing this removal. "Wal-Mart Stores, Inc." (in actuality, Walmart Inc.) was not the owner, occupier, or maintainer of the premises. Although Walmart Inc. is not a proper defendant for this case and its allegations (or is nothing more than a nominal defendant), that entity would also be represented by Walmart's counsel in connection with this case and it joins in and consents to this removal, to the extent Plaintiff seeks to pursue any claim against it rather than (or in addition to) any claims against Wal-Mart Stores Texas, LLC.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Neal A. Hoffman
State Bar No. 24069936
Federal ID No. 1048603
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com
nhoffman@bushramirez.com

**ATTORNEYS FOR DEFENDANT,**
**WAL-MART STORES TEXAS, LLC**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 14th day of April 2021.

Andre' L. Ligon
2646 S. Loop West, Suite 380
Houston, Texas 77054

Joshua R. Willoughby
4200 Montrose Blvd., Suite 540
Houston, Texas 77006

*/s/ John A. Ramirez*
John A. Ramirez

---