Submitted: 1/4/2021 12:00 AM
Sue Murphy, District Clerk
Austin County, Texas
By: Sue Murphy, Deputy

CAUSE NO. 2021V-0001 _____

| | | |
|---|---|---|
| SHERRY GLASS ALLEN | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | 155TH ____ JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES, INC., D/B/A | § | |
| WALMART STORE #437, WAL- | § | |
| MART STORES TEXAS, LLC, and | § | |
| MRS. JEAN DOE | § | |
|     Defendants, | § | AUSTIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

### TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Sherry Glass Allen (hereinafter "Plaintiff") and files this Original Petition complaining of Wal-Mart Stores, Inc. d/b/a Walmart Store #437, Wal-Mart Stores Texas, L.L.C, and Mrs. Jean (hereinafter "Defendants") and would respectfully show this Court and Jury as follows:

### I.

### DISCOVERY CONTROL PLAN

1. Discovery in this case will be conducted under Level 2 Discovery Plan pursuant to Tex. R. Civ. P. Rule 190.1 and 190.3. Plaintiff affirmatively pleads that this suit is not governed by the expedited-action process in The Texas Rules of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000, including damages of any kind, penalties, cost, expenses, pre-judgment interest and attorney's fees. The specific amount plead is within the jurisdictional limits of the court.

### II.

### PARTIES

---

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE    PAGE 1

EXHIBIT
A

2.     Plaintiff, Sherry Glass Allen, was a resident of Harris County, Texas and the State of Texas at the time of the incident made the basis of this suit.

3.     Defendant Wal- Mart Stores Inc., d/b/a Walmart Store #437 is a foreign For-Profit Corporation, authorized to do business in Austin County and The State of Texas. This defendant may be served with citation by serving its registered agent, CT Corporation System, at 1999 Bryan, Ste 900, Dallas Texas 75201.

4.     Defendant Walmart Stores Texas, L.L.C., Inc is a foreign For-Profit Corporation, authorized to do business in Austin County and The State of Texas. This defendant may be served with citation by serving its registered agent, CT Corporation System, at 1999 Bryan, Ste 900, Dallas Texas 75201.

5.     Defendant Mrs. Jean is a resident of Austin County, and The State of Texas at the time of the incident made the basis of this suit.

6.     Plaintiff's specifically invoke their right to institute this lawsuit against whatever person or entity conducting business using the assumed or common name of Wal-Mart Stores, Inc., d/b/a Walmart Store #437, with regard to the events described in this petition. Plaintiff expressly invokes her right under Rule 28 of The Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any part or of the Court.

7.     Plaintiff respectfully request that citation be issued against the defendants.

## III.

## VENUE

7.     Venue is proper in Austin County, Texas under § 15.002(a)(1) of the TEX. CIV. PRAC. & REM. CODE ("the Code") because all or a substantial part of the events or omissions giving rise to the claim made the basis of this lawsuit occurred in Austin County, Texas.

8.     The court has jurisdiction over Defendants' pursuant to section 17.042 of the Texas Civil Practice and Remedies Code because Defendant conducted business in the State of Texas and committed a tort in whole or in part in the State of Texas. The Court has jurisdiction over the controversy because the damages sued for are within the jurisdictional limits of this court.

## IV.

## AGENCY RESPONDENT SUPERIOR and ALTERNATIVE ALLEGATIONS

9.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

10.     Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

11.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendant, occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

12.     Defendant is therefore liable to Plaintiff for the acts and/or omissions

of any such employee complained of herein under the doctrine of respondent superior.

13.     All legal and factual allegations contained herein are made additionally and in the alternative to all other legal and factual allegations, and additionally and alternatively against all.

## V.

## FACTS

14.     On or about January 3, 2019 Plaintiff was an invitee on the premises owned, operated and / or maintained by Defendants Wal-Mart Stores, Inc., d/b/a Walmart Store #437 and Mrs. Jean (hereinafter referred to as "Defendant" and/or "Wal-Mart) located at 310 Overcreek Way, Sealy, Texas 77474. Plaintiff, her boyfriend, Nickolas Wayne Kalina, and her son, Chester Allen went to Wal-Mart to buy a battery for Plaintiff's car. Plaintiff with her boyfriend and son walked to the automotive department of the Wal-Mart. While Plaintiff was in the automotive department of Wal-Mart looking for a battery for her car Mrs. Jean Doe, an employee of Wal-Mart was moving a ladder. Mrs. Jean Doe dropped the ladder causing it to hit Plaintiff on the left knee. Simultaneously Plaintiff fell forward on top of the ladder causing more pain to her knee and the rest of her body. Plaintiff was embarrassed and in pain due to Mrs. Jean Doe hitting plaintiff with the ladder.

15.     Plaintiff's boyfriend and son immediately rushed to Plaintiff's side. Plaintiff was in extreme pain. Plaintiff rested and took over the counter medicine to assist her pain levels. However, her pain levels did not decrease. As a result, Plaintiff sought the medical assistance of Houston Pain Relief & Wellness Clinic.

Plaintiff was recommended to commence a physical therapy program to decrease her pain, increase mobility, increase strength and to increase her range of motion. Plaintiff followed her physical therapy as instructed. Nevertheless, Plaintiff's pain levels did not subside. As a result, Plaintiff was referred out to Clear Imaging and Diagnostics to have several MRIs performed. Plaintiff's MRIs revealed the severity of her injuries, including several herniated discs. An MRI of Plaintiff's left knee revealed a medial meniscus tear, a lateral meniscus tear, a lateral tibial plateau nondisplaced fracture and lateral patellar joint effusion with popliteal cysts. Plaintiff consulted with her doctor to determine her best course of action. Due to the severity of her injuries and in consideration of alternative medical treatment that did not fully assist the severity of her injuries, her doctor recommended the plaintiff first proceed with epidural steroid injections in the affected regions before considering surgery. After several ESIs, including a left knee block with an arthrogram, Plaintiff's pain persists. As a result of injuries sustained by Plaintiff due to Defendants negligence, and other non-invasive surgery options not resolving Plaintiff's pains and injuries Dr. Adu-Lartey has recommended that Plaintiff undergo a left knee arthroscopic surgery with medial meniscectomy with excision of popliteal cyst.

16.     Plaintiff will require future medical treatment for the injuries that she sustained as a result of defendants' negligence on January 3, 2019. Based on Defendants' actions and omissions, Plaintiff received medical care and incurred medical expenses from Houston Pain Relief & Wellness Clinic, Houston Pain and

Spine, Celebrity Spine & Joint, OSD Surgery Center, Clear Imaging and
Diagnostics, Pro Health Medicine, Health Plus Imaging, Columbus Community
Hospital and Sterling Pharmacy in the amount in excess of sixty thousand dollars
($60,000).

17.     Plaintiff's life has severely been altered since the incident. The injuries
she has incurred has left her with minimal mobility. Since being injured, Plaintiff
has suffered severe debilitating pain. Plaintiff has not been able to take care for
herself. As a result, Plaintiff has had to rely on family and friends to help her run
errands, do chores, gather necessities, and with keeping up personal hygiene. Based
on the information presently available, Plaintiff's actual damages exceed the
minimum amount of damages permitted by the jurisdictional limits of this court. In
this regard, Plaintiff is entitled to recover damages. All conditions precedent,
Plaintiff's right to recover has been met.

## VI.

## NEGLIGENCE

18.     Plaintiff Sherry Glass Allen incorporates the facts set out under
paragraph numbers 14-17 by reference as if set out verbatim herein. On January 3,
2019 Plaintiff entered Wal-Mart as a business invitee and therefore was owed a duty
of care by Defendants. Defendants failed to exercise ordinary care to reduce or
eliminate this risk or warn Plaintiff regarding the unreasonable risk of harm.  On
information and belief, on the occasion in question defendant were negligent in one
or more of the following:

a.   Failing to inspect the premises on a regular basis;

b.   Failing to correct or warn of the dangerous conditions created;

c.   Failing to place signs warning Plaintiff;

d.   Failing to provide adequate instructions to Plaintiff to avoid injury;

e.   Failing to exercise reasonable care in establishing and maintaining a premise free of recognized hazards;

f.   Failing to provide a safe shopping area;

g.   Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment;

h.   Failing to supervise its agents, servants, and employees to ensure the safety of invitees; and

i.   Failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe; and

j   Negligently handling the ladder thereby causing the ladder to fall and hit Plaintiff in the knee.

19.   Each of the above negligent acts and omissions constitute a breach of the duties owed by Defendant to Plaintiff. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.  In this regard, Defendant was negligent, and this negligence was a proximate cause of Plaintiff's injuries and damages.

## VII.

## DAMAGES

20.   As a direct and proximate and / or producing cause of Defendants negligence, Plaintiff  has sustained mental and physical pain and suffering, mental anguish, physical impairment, disfigurement, loss of wages and benefits, loss of wage

earning capacity, all of which in reasonable probability are permanent.

21.     From the date of the incident in question until the time of trial of this case, the elements of damages to be considered separately and individually for purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    a.    The physical and mental pain and suffering Plaintiff has experienced from the date of injury up to the time of trial;

    b.    The mental anguish Plaintiff has suffered from the date of injury up to the time of trial;

    c.    The loss of any earnings or benefits and / or earning capacity from the date of injury up to the time of trial;

    d.    The physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services she would ordinarily have been able to perform;

    f.    The disfigurement Plaintiff has suffered from the date of injury up to the time of trial.

    g.    The necessary and reasonable medical expenses that Plaintiff has incurred from the date of injury up to the time of trial.

22.     From the time of trial of this suit, the elements of damages to be considered which Plaintiff will in reasonable probability sustain in the future beyond trial are such of the following elements as are shown by a preponderance of the evidence upon trial of this case:

    a.    The physical and mental pain and suffering Plaintiff has experienced from the date of injury up to the time of trial;

    b.    The physical and mental pain and suffering Plaintiff will, in reasonable probability, suffer in the future beyond the date of trial;

c.    The mental anguish Plaintiff will, in reasonable probability, suffer in the future beyond the date of trial;

d.    The loss or reduction of Plaintiff's earnings and benefits and / or earning capacity she will, in reasonable probability, experience in the future beyond the date of trial as a result of the injuries sustained in the incident in question;

e.    The permanent physical impairment that Sherry Glass Allen will, in reasonable probability, continue to suffer in the future and the resulting inability to do those task and services that she ordinarily would have been able to perform in the future beyond the date of trial;

f.    The disfigurement Plaintiff has suffered and will, in reasonable probability continue to suffer from in the future beyond the date of trial;

g.    The necessary and reasonable medical expenses that Plaintiff will, in reasonable probability, suffer in the future beyond the date of trial.

23.    Because of all of the above and foregoing, Plaintiff has been damaged and will be damaged in an amount within the jurisdictional limits of this Court.

24.    Further, as a direct, proximate and / or producing cause resulting from the Defendants' negligence, it was necessary for Plaintiff to secure medical and hospital services, including medication, physical therapy and surgery, and it is reasonable probable that she will require additional medical, hospital and medication in the future beyond this date. Plaintiff here now sues for an additional sum within the jurisdictional limits of this Court for past and future medical, hospital and medication.

**VIII.**

## RESERVATION OF RIGHTS

25.     Plaintiff specifically reserves the right to bring additional causes of action against Defendants and others, and to amend this Petition as necessary, pursuant to the Texas Rules of Civil Procedure.

## IX.

## PREJUDGMENT INTEREST

26.     In addition to the above and foregoing allegations, plaintiff further plead that they are entitled to prejudgment interest at the highest rate allowed by law.

## X.
## NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

27.     Pursuant to Tex. R. Civ. P. 193.7, Plaintiff Sherry Glass Allen, hereby gives notice to all parties that Plaintiff intends to use as evidence at the time of trial any and all documents produced in response to written discovery served by Plaintiff, and any documents exchanged and provided between the parties including, but not limited to, correspondence, pleadings, records and discover responses.

## XI.

## REQUEST FOR DISCLOSURE

28.     Plaintiff hereby requests that Defendants respond to the Request for Disclosure in Tex. R. Civ. P. 194 within the time set forth by said Rule.

## XII.

29.     Plaintiff hereby demands a trial by jury and has paid the jury fee.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that each of the Defendants be served with this Original Petition in the manner prescribed by law, be cited to appear and to answer herein, and that upon final hearing, enter judgment in favor of Plaintiff and against Defendants requested hereinabove in an amount in excess of the minimum jurisdictional limits of this Court, together with pre-judgment (from the date of the injury through the date of judgment) and post-judgment interest at the highest rate allowed by law; costs of court and for such other relief to which Plaintiff is entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF ANDRE' L. LIGON, P.C.**

*/s/ Andre' L. Ligon*
Andre' L. Ligon
Texas Bar No. 00797840
2646 S. Loop West, Suite 380
Houston, Texas 77054
(713) 662-2500 (Telephone)
(713) 222-0252 (Facsimile)
efilings@andreligon.com
*Attorneys for Plaintiff Sherry Glass Allen*

**THE WILLOUGHBY LAW FIRM, LLC**

*/s/ Joshua R. Willoughby*
Joshua R. Willoughby
Texas Bar No. 24058762
4200 Montrose Blvd, Suite 540
Houston, Texas 77006
(713) 222 – 1356  (Telephone)
(713) 277  - 7160 (Facsimile)
attorneyjrw@gmail.com
*Attorneys for Plaintiff Sherry Glass Allen*